**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2080-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GARY H. CONDIT,

    Defendant-Appellant.

_____

> Submitted January 23, 2020 – Decided February 10, 2020
>
> Before Judges Koblitz and Whipple.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 18-013.
>
> Daniel W. Heinkel, attorney for appellant.
>
> Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Cristina Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

After a trial de novo on the record in Superior Court, defendant Gary H. Condit appeals from December 3, 2018 convictions of possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(4); possession of drug paraphernalia, N.J.S.A. 2C:36-2; reckless driving, N.J.S.A. 39:4-96; careless driving, N.J.S.A. 39:4-97; operation of a motor vehicle while in possession of CDS, N.J.S.A. 39:4-49.1; driving while intoxicated (DWI), N.J.S.A. 39:4-50, for the second time; unsafe lane change, N.J.S.A. 39:4-88(b); refusal to provide breath samples, N.J.S.A. 39:4-50.2; and failure to keep right, N.J.S.A. 39:4-82. Penalties other than incarceration were imposed pursuant to statute. Defendant raises various evidentiary issues and maintains the evidence was insufficient for a finding of guilt on many of the charges. We affirm substantially for the reasons expressed in the detailed ten-page written statement of reasons attached to Judge Michael E. Hubner's December 3, 2018 order of conviction.

The trial testimony reveals the following facts. On May 18, 2017, at approximately 12:30 a.m., Lieutenant Jeffrey Tucker of the Denville Police Department was traveling east on Route 46 when he saw a commercial van drift over the double yellow line, into Tucker's eastbound lane of traffic, before

returning to its westbound lane.[1]  Fearing for his safety and that of other motorists, Tucker made a U-turn to drive behind the van.  He saw the van drift from the left lane into the right lane, then back into the left lane of the westbound lanes, without using a signal.  Tucker activated his emergency lights, pulled the van over and approached the van.  The driver's side window was down, defendant was seated behind the wheel, and Tucker immediately detected the smell of raw marijuana.  Defendant explained to Tucker that he was swerving because he was trying to avoid potholes.  Tucker testified that the stretch of road did not have noticeable potholes.

Tucker noticed defendant's license indicated that an interlock device[2] was required and one was not installed in the van.  Defendant stated that the interlock device was only required in his personal vehicle.  He said he was allowed by court order to drive a work van without the device.  Tucker testified that defendant's speech was slow and slightly slurred.

Tucker asked defendant to step out of the car.  Defendant explained to Tucker that he had worked a considerable amount of hours that week and the

---

[1]  Defendant submitted a DVD of the recording from Tucker's dash camera, which was entered into evidence at trial.

[2]  See N.J.S.A. 39:4-50.17(a)(1) regarding the requirement of interlock devices after a DWI conviction.

week before. Defendant worked full-time as an operations manager and designer at a florist. He testified that the florist owns the commercial van he was driving that night and that other employees drive it also.

Tucker smelled the odor of burnt marijuana coming from defendant as he was speaking with him. Defendant denied he had smoked any marijuana and denied that marijuana was present in the van. Defendant said someone else had driven the van earlier that day. Tucker then conducted a series of field sobriety tests.

The first test conducted was the Horizontal Gaze Nystagmus (HGN) test. Tucker asked defendant to stand with his feet together, arms down at his side and to follow Tucker's finger. While he was administering the test, Tucker observed that defendant was swaying slightly side-to-side and his eyes were bloodshot.

The second test was the walk-and-turn test. During the instructional phase of the test, Tucker asked whether defendant was suffering from any injuries that would prevent him from performing the test. Defendant responded that he was involved in a motor vehicle accident several years prior and his injuries would likely affect his ability to perform the test. Tucker testified that he took this

4

information into consideration and then proceeded to administer the test on a slightly inclined surface.

During the instructional phase of the test, defendant was asked to stand with his right foot in front of his left and with his arms down by his side. Defendant did not follow instructions and was swaying slightly. During the test, defendant raised his arms for balance, did not touch heel to toe on each consecutive step, leaned significantly to the side, took an extra step, and nearly fell.

The final test conducted was the one-leg-stand test in which defendant was instructed to raise his foot approximately six inches off the ground, point his toe straight out and look down at his toe while keeping his arms at his sides and count "one one thousand two one thousand" out loud until instructed to stop. Defendant started the test before he was instructed to do so. He attempted the test twice, both times only reaching the count of one before putting his foot down.

After conducting the field sobriety tests, Tucker searched the van and found a cigar box, wedged between the driver's seat and the center console area, which contained a small bag of raw marijuana, an e-cigarette device with a

A-2080-18T3

concentrate cartridge, and two unsmoked marijuana "blunts."[3] Tucker then arrested defendant for possession of marijuana and driving while intoxicated. The small bag of raw marijuana and two blunts tested positive for marijuana at the State Police Laboratory.

Upon arrival at the police station, Tucker set up the Alcotest and began the required twenty-minute observation period of defendant. Defendant belched, so Tucker reset the clock back to begin a new twenty-minute observation period. Tucker testified that after defendant's second belch, he advised defendant that if he continued to belch it would be considered a refusal. After defendant belched two more times, Tucker stopped the test and charged defendant with refusal to provide a breath sample.

Defendant testified and denied he was under the influence or knew of the marijuana in the van. He said he belched because he was "extremely nervous" and could not control his "bodily function." On cross-examination, defendant admitted to being familiar with the smell of both raw and burnt marijuana.

---

[3] "A blunt is an inexpensive cigar, typically a 'Philly Blunts' brand cigar, that has been split open and emptied of tobacco. Marijuana is substituted for the removed tobacco, and the exterior tobacco leaf of each cigar is used to rewrap the new contents." State v. Eckel, 185 N.J. 523, 525 n.1 (2006) (quoting National Institute on Drug Abuse, Assessing Drug Abuse Within and Across Communities, http://www.drugabuse.gov/DESPR/Assessing/AppendixH1.html (last visited Nov. 30, 2005)).

A-2080-18T3

Defendant raises the following issues on appeal:

I.      DEFENDANT'S CONVICTION FOR DRIVING WHILE INTOXICATED SHOULD BE REVERSED.

A.      CHALLENGED EVIDENTIARY RULINGS:

1.      LT. TUCKERS TESTIMONY IDENTIFYING A LIQUID CONCENTRATE CARTRIDGE AS MARIJUANA IS INADMISSIBLE.

a)      DE NOVO REVIEW IS THE CORRECT STANDARD OF REVIEW.  (Not raised below)

b)      LT. TUCKER'S TESTIMONY IDENTIFYING THE CONCENTRATE CARTRIDGE AS MARIJUANA IS INADMISSIBLE HEARSAY.

c)      LT. TUCKER'S TESTIMONY IS EXCLUDED BY N.J.R.E. 403.  (Not raised below)

2.      LT. TUCKER'S OPINION THAT DEFENDANT WAS UNDER THE INFLUENCE OF MARIJUANA SHOULD BE EXCLUDED FROM EVIDENCE.

a)      THE TRIAL COURT'S RULING THAT RETROACTIVELY QUALIFIED LT. TUCKER IS AN ABUSE OF DISCRETION.  (Not raised below)

i)      EVEN IF THE TRIAL COURT'S RULING IS AFFIRMED, THE "EXPERT" OPINION SHOULD STILL BE STRICKEN BECAUSE IT IS A NET OPINION.  (Not raised below)

7

b) UNDER STATE V. BEALOR,[4] LT. TUCKER'S LAY OPINION ON MARIJUANA INTOXICATION IS INADMISSIBLE.

B. THERE IS INSUFFICIENT EVIDENCE TO PROVE DRIVING WHILE INTOXICATED BEYOND A REASONABLE DOUBT.

1. DE NOVO REVIEW IS THE CORRECT STANDARD OF REVIEW. (Not raised below)

2. THE STATE'S PROOFS ARE INSUFFICIENT TO PROVE DRIVING WHILE INTOXICATED BEYOND A REASONABLE DOUBT.

3. THE STATE'S PROOFS ARE LEGALLY INSUFFICIENT EVEN IF THE SUBSTANTIAL EVIDENCE STANDARD OF REVIEW IS APPLIED. (Not raised below)

II. DEFENDANT'S CONVICTION FOR REFUSAL TO PROVIDE A BREATH SAMPLE MUST BE REVERSED.

A. DE NOVO REVIEW IS THE CORRECT STANDARD OF REVIEW. (Not raised below)

B. THE STATE'S PROOFS ARE INSUFFICIENT TO PROVE THE OFFENSE BEYOND A REASONABLE DOUBT.

1. APPLICABLE LAW.

2. THE STATE FAILED TO PROVE THE "REFUSAL" ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.

---

4  187 N.J. 574 (2006).

3.    THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO ARREST DEFENDANT FOR DRIVING WHILE INTOXICATED.

III.    DEFENDANT'S CONVICTIONS RELATING TO UNLAWLFUL POSSESSION OF MARIJUANA MUST BE REVERSED.

A.    CHALLENGED EVIDENTIARY RULINGS:

1.    LT. TUCKER'S TESTIMONY THAT THE VEHICLE OPERATED BY DEFENDANT WAS HIS "PRIMARY" VEHICLE SHOULD BE EXCLUDED FROM EVIDENCE.

a)    DE NOVO REVIEW IS THE CORRECT STANDARD OF REVIEW.  (Not raised below).

b)    LT. TUCKER'S TESTIMONY IS NOT BASED ON PERSONAL KNOWLEDGE.

2.    THE TRIAL COURT IMPROPERLY PERMITTED THE STATE TO QUESTION DEFENDANT ABOUT HIS FAMILIARITY WITH THE SMELL OF RAW MARIJUANA DURING CROSS-EXAMINATION.

B.    THERE IS INSUFFICIENT EVIDENCE TO PROVE ACTUAL OR CONSTRUCTIVE POSSESSION OF MARIJUANA.

1.    DE NOVO REVIEW IS THE CORRECT STANDARD OF REVIEW.  (Not raised below)

2.    THE STATE'S PROOFS DO NOT PROVE POSSESSION BEYOND A REASONABLE DOUBT.

9

## IV. DEFENDANT'S CONVICTION FOR RECKLESS DRIVING MUST BE REVERSED.

Our review of a de novo conviction by the Law Division is limited to the issue of whether the court's findings "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We are "not permitted to 'weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence.'" State v. Locurto, 157 N.J. 463, 472 (1999) (quoting State v. Barone, 147 N.J. 599, 615 (1997)). We review the legal rulings of the trial court de novo. State v. Robertson, 228 N.J. 138, 148 (2017). "It is well-settled that the trial judge 'giv[es] due, although not necessarily controlling, regard to the opportunity of the' municipal court judge to assess 'the credibility of the witnesses.'" Ibid. (alteration in original) (quoting Johnson, 42 N.J. at 157). "[A]ppellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Locurto, 157 N.J. at 474.

"[A] trial court's evidentiary rulings are 'entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment.'" State v. Brown, 170 N.J. 138, 147 (2001) (quoting State v. Marrero, 148 N.J. 469, 484 (1997)).

10

Defendant argues that the Law Division erred by "retroactively qualifying" Tucker as an expert witness. Defendant argues that this was an abuse of discretion because it violated his due process right to discovery of the State's evidence. Citing to Rule 7:7-7(b)(11), defendant states he is entitled to: 1) the identity of the expert; 2) the expert's qualifications; 3) the subject matter of the expert's testimony; and 4) a copy of the expert's report or statement of opinion with supporting facts and reasons. Defendant asserts that "[t]he State's failure to identify the expert witness or expert opinion in discovery precludes the expert's testimony."

At the time of trial, the State did not attempt to qualify Tucker as an expert witness. The argument was made by the State on appeal to the Law Division, which found that Tucker could have been and should be regarded as an expert because he meets the requirements under N.J.R.E. 702. N.J.R.E. 702 states that "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." The Law Division concluded that Tucker's twenty-year experience as a police officer dealing with individuals under the influence of marijuana, his three-year experience as an evidence officer smelling raw marijuana, and his "significant amount of training" related to individuals under the influence of marijuana

11

establishes his expert qualification. Our Supreme Court has stated that "[i]n view of their training, police officers in this State are eligible to qualify as experts on marijuana intoxication under N.J.R.E. 702." Bealor, 187 N.J. at 592. Any discovery violation does not meet the reversible error standard. See State v. Macon, 57 N.J. 325, 338 (1971) (When reviewing for error, "the question" is whether under "all the circumstances there was a reasonable doubt as to whether the error denied a fair trial and a fair decision on the merits."); Rule 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . .").

Furthermore, defendant argues for the first time before us that, even if this court affirms the Law Division's qualification of Tucker as an expert, his opinion should still be stricken because it is a net opinion and improperly characterizes defendant's guilt of driving while intoxicated. Defendant cites to Townsend v. Pierre, 221 N.J. 36, 53 (2015) and N.J.R.E. 703 for the proposition that an expert's opinion must be based on facts or data. Tucker explained in great detail the observations that led him to conclude that defendant was intoxicated. Tucker related his observations of defendant's driving, his appearance, and his performance on the field sobriety tests.

Pursuant to N.J.S.A. 39:4-50(a), a "driving while intoxicated" violation occurs when "operat[ing] a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic, or habit-producing drug." Our Supreme Court has "repeatedly made clear that, in motor vehicle violation cases, the State's burden of proof unquestionably is beyond a reasonable doubt." Bealor, 187 N.J. at 586 (citing State v. Fearon, 56 N.J. 61, 62 (1970)).

Defendant argues that the State's proofs of intoxication are legally insufficient under Bealor because there are no independent proofs as to the cause of intoxication, such as a urine sample, blood sample, admission of use, or evidence of burnt marijuana or paraphernalia. While the State in Bealor proved the presence of marijuana through a urine sample, the Court in Bealor found that "fact testimony in respect of defendant's erratic and dangerous driving, his slurred and slow speech, his 'bloodshot and glassy' eyes, his droopy eyelids, his 'pale and flushed' face, his 'fumbl[ing] around the center console and his glovebox searching for all his credentials,' [and] the smell of burnt marijuana on defendant," was enough to prove intoxication. Id. at 590 (first alteration in original). The Supreme Court in Bealor expressly found that expert testimony regarding the cause of intoxication is not required. Id. at 591.

As the Law Division found, Tucker's observations of defendant's driving, the odor of raw marijuana and burnt marijuana on his person, bloodshot eyes, his slow and slurred speech, swaying, and inability to satisfactorily perform the field sobriety tests are sufficient proofs to establish intoxication beyond a reasonable doubt.

We affirm based on our discussion above as well as Judge Hubner's well-reasoned statement of reasons. Any issues not covered are deemed without sufficient merit to require written discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-2080-18T3